UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-16-4544-MWF (AFMx) | Date: October 3, 2017 |
| Title: Chris Langer v. Margarita Gonzalez, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS [24]

Before the Court is the Application for Default Judgment against Defendants Margarita Gonzalez and Ornato, Inc. (the "Application") filed by Plaintiff Chris Langer (Docket No. 24). The Court has read and considered the papers filed on this Application and held a hearing on June 19, 2017.

For the reasons set forth below, the Application is **GRANTED**.

## I. BACKGROUND

The First Amended Complaint ("FAC," Docket No. 22) alleges the following facts, which must be taken as true for purposes of ruling on the Application:

Plaintiff is a paraplegic who uses a wheelchair for mobility. (FAC ¶ 1). The Plaintiff visited the El Tacazo Foods restaurant in South Gate, California, during July 2015 and April 2016. (*Id.* ¶ 12). Plaintiff could not find any compliant accessible parking spaces or restrooms for use by disabled persons. (*Id.* ¶ 15). An investigator from the Center for Disability Access ("CDA") investigated and took photographs of the restaurant. (Declaration of Chris Langer, Docket No. 24-5, ¶ 2). The FAC includes specific allegations concerning each alleged violation. (FAC ¶¶ 12–27). Plaintiff alleges he would like to return to the restaurant but is unable to because of its inaccessibility to people with handicaps. (*Id.* ¶ 29).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-16-4544-MWF (AFMx)**　　　　**Date:  October 3, 2017**
**Title:**　　Chris Langer v. Margarita Gonzalez, et al.

## II.　DISCUSSION

Defendants were served with the Summons and original Complaint through personal service. (Docket Nos. 8, 9). Specifically, Margarita Gonzalez, agent for Ornato, Inc., was served by personal service at a Huntington Park, California, address by a registered process server on June 29, 2016. (Docket No. 9). Margarita Gonzalez was also served by personal service in her personal capacity at the same time by the same registered process server. (Docket No. 8)). Defendants were served with a copy of the FAC by mail and email on March 20, 2017. (Docket No. 22-1).

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). The procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1 are met here: (1) the Clerk entered default against Defendants on July 26, 2016 (Docket Nos. 13, 14); (2) Defendants failed to respond to the Complaint or FAC; (3) Defendants are not infants or incompetent persons; and (4) Defendants are not in military service or otherwise exempted under the Service Members Civil Relief Act.

As a matter of discretion, the Court also requires that a plaintiff serve an application for default judgment on the defendants against whom the plaintiff is requesting a default judgment. The Court does not require service under Rule 4, but does require that service be made reasonably likely to provide notice to the defendants. Plaintiff included a Proof of Service of the Application dated May 12, 2017, indicating the Application had been emailed as well as delivered through mail to the Defendants. (Docket No. 24-14).

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that a court should look at seven discretionary factors before rendering a decision on default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986). The seven factors are as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-4544-MWF (AFMx)        **Date:** October 3, 2017
**Title:** Chris Langer v. Margarita Gonzalez, et al.

(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *Id.* Regardless of the weight of these various factors, however, "[a] default judgment should not be entered on a complaint that fails to state a claim upon which relief can be granted." *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004).

The Ninth Circuit has written that "upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### A. Federal Claims

Plaintiff alleges violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act").

Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, prohibits discrimination based on disability in places of "public accommodation." 42 U.S.C. § 12182(a). Discrimination is defined to include the "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable . . . ." *Id.* § 12182(b)(2)(A)(iv). The ADA was passed to remedy "Congress's finding that discrimination against the disabled is 'most often the product, not of invidious animus, but rather of thoughtlessness and indifference,' of 'benign neglect,' and of 'apathetic attitudes rather than affirmative animus.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944–45 (9th Cir. 2011) (quoting *Alexander v. Choate*, 469 U.S. 287, 295–96 (1985)).

"To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he [or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-4544-MWF (AFMx)          **Date:** October 3, 2017
**Title:** Chris Langer v. Margarita Gonzalez, et al.

of his [or her] disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Plaintiff's severe mobility impairments qualify him as a person with disability under the ADA. S*ee* 42 U.S.C. § 12101(2)(A). Plaintiff alleges that Defendants own the restaurant that contains the alleged violations. Establishments like the restaurant that serve food or drink are expressly identified as places of public accommodation in the statute. *See* 42 U.S.C. § 12181(7)(B).

To succeed on the merits of his ADA claim, Plaintiff must also plead facts that show he was discriminated against within the meaning of the ADA. Under the ADA, discrimination includes the failure to remove architectural barriers in existing facilities, "where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Whether an architectural barrier exists can be determined by reference to the ADAAG. *Chapman*, 631 F.3d at 945–46 (noting that "[t]he ADAAG provides the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations."). The DOJ's most recent guidelines, which apply to structural alterations after March 15, 2012, are titled "2010 ADA Standards for Accessible Design" (the "2010 Standards")). *See* 28 C.F.R. § 35.151(c)(3). As for existing structures, built prior to 1992, "[a] public entity is not required to make structural changes . . . where other methods are effective in achieving compliance with this section." 28 C.F.R. § 35.150. However, any alterations "shall meet the accessibility requirements of [28 C.F.R.] § 35.151." *Id.*

The Court now addresses each of the requirements under the ADA. First, the Plaintiff is disabled, as he requires the use of a wheelchair for mobility. Second, as discussed, the restaurant at issue is a place of public accommodation under the ADA. 42 U.S.C. § 12187(7)(B).

As for the third element, the type of violation specifically pled by Plaintiff is for "failure to remove architectural barriers." (Application at 3, citing 42 U.S.C. § 12182(b)(2)(A)(iv)). Plaintiff alleges that the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") require two handicap parking spots at the

**CIVIL MINUTES—GENERAL**          **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-16-4544-MWF (AFMx)         Date:  October 3, 2017**
**Title:      Chris Langer v. Margarita Gonzalez, et al.**

restaurant, given its size.  In addition, he alleges the restaurant did not wrap the plumbing underneath the sink, in violation of the ADA, 1991 Standards § 4.19.4; 2010 Standards § 606.5, the toilet in the restaurant did not have the required two grab bars on the wall adjacent to the toilet to assist persons with disabilities, 1991 Standards § 4.16.4; 2010 Standards § 604.5, and the dispensers in the bathroom were mounted too high on the wall, 1991 Standards §§ 4.22.7, 4.27.

These supposed violations only constitute actual violations, however, only if the architectural barriers are "readily achievable to remove."  42 U.S.C. § 12182(b)(2)(A)(iv).  Plaintiff argues that "[w]hether or not the removal of these barriers is 'readily achievable' is an affirmative defense that is waived unless raised." (Application at 6 (citing *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1133 and n.7 (E.D. Cal. 2007)).  The Court already rejected this exact argument in Plaintiff's first Application for Default Judgment.  (Docket No. 21):

> Contrary to Plaintiff's assertion, the Ninth Circuit "has 'yet to decide who has the burden of proving that removal of an architectural barrier is readily achievable.'"  *Moore v. Robinson Oil Corp.*, 588 F. App'x 528, 529–30 (9th Cir. 2014) (quoting *Vogel*, 992 F. Supp. 2d at 1010).  Nevertheless, the "overwhelming majority of federal courts" have held that the plaintiff has the initial burden to produce evidence that removal of the barriers is "readily achievable" by the defendant. *McComb v. Vejar*, No. CV 14-00941, 2014 WL 5494017, at *6 (C.D. Cal. Oct. 28, 2014) (quoting *Sceper v. Trucks Plus*, No. 09-0801, 2009 WL 3763823, at *3 (E.D. Cal. Nov. 3, 2009)); *see also Colo. Cross Disability Coal. v. Hermanson Family Ltd.*, 264 F.3d 999 (10th Cir. 2001).  Indeed, courts have found this rationale particularly strong "in the context of a default judgment proceeding." *McComb*, No. CV 14-00941, 2014 WL 5494017, at *6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-4544-MWF (AFMx)          **Date:** October 3, 2017
**Title:**     Chris Langer v. Margarita Gonzalez, et al.

> Although he cites to them, neither *Vogel* nor *Wilson* supports Plaintiff's position. In *Vogel*, the plaintiff moving for default judgment ***did*** allege that the defendant had the resources and ability to remove the barriers without much difficulty. *Vogel*, 992 F. Supp. 2d at 1011. Thus, the issue was not raised in that case. And *Wilson* was not a default judgment case; there, the defendant appeared and answered the plaintiff's complaint. However, the court found that because the defendant's answer failed to discuss his ability to remove the barriers, he waived the issue. *See Wilson*, 479 F. Supp. 2d at 1133 n.7 ("While plaintiff has not come forward with any evidence regarding barrier removal, he need not do so where such evidence would be unnecessary, given defendant's waiver."); *see also McComb*, No. CV 14-00941, 2014 WL 5494017, at *6 n.7. The Court joins the majority of the federal courts in concluding that the ready achievability of removing architectural barriers is not an affirmative defense.
>
> Plaintiff had the burden to plead that removal of the alleged barriers was readily achievable for Defendants.

(Docket No. 21).

In response to the Court's order, Plaintiff added detailed allegations in the FAC concerning the cost of bringing the restaurant into compliance with the law. For example, the FAC alleges that painting an additional parking stall could cost as little as $300. (FAC ¶ 34). In addition, the restaurant could lower the paper towel dispenser in the bathroom for as low as $150. (*Id.* ¶ 35). The FAC continues with such allegations, and concludes that the total cost to bring the establishment into compliance could be as little as $1,000. (*Id.* ¶ 38). The Court previously stated that Plaintiff's inadequate allegations concerning the cost of bringing the restaurant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-4544-MWF (AFMx)          **Date:** October 3, 2017
**Title:**     Chris Langer v. Margarita Gonzalez, et al.

into compliance doomed the Application. (Docket No. 21). Plaintiff has cured this defect in his FAC, and the Court now concludes that Plaintiff would succeed on the merits if the allegations in his FAC were taken as true.

### B. State Law Claims

The Unruh Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). It provides for statutory damages of no less than $4,000 for each violation. *Id.* § 52(a). Plaintiff requests exactly $4,000 as a statutory penalty for violation of the Unruh Act. The Court concludes that Plaintiff would succeed on his Unruh Act claim if the allegations of the FAC were accepted as true.

The Court has examined each of the *Eitel* factors and concludes in its discretion that default judgment is appropriate here.

### C. Attorney's Fees

Plaintiff also seeks an attorneys' fee award of $4,350 for the costs incurred in litigating this suit. The ADA and the Unruh Act allow for a prevailing plaintiff to recover attorney's fees. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Plaintiff argues that it would be inappropriate to use the schedule for fees found in the Local Rules because the ADA allows for only injunctive relief. Thus, he argues, awarding only the minimal fees under the Local Rules' schedule would not incentivize cases like these to be brought. Plaintiff fails to cite to a single case in which a federal court ignored the schedule in awarding fees.

The Court's own research revealed a case, which also involves these attorneys, that rejected Plaintiff's argument. *Villegas v. Kwon*, No. 2:14-CV-04870-ODW, 2014 WL 4187812, at *1 (C.D. Cal. Aug. 21, 2014). The district court granted the plaintiff's application for default judgment but awarded fees under the schedule. The court discussed the same cases cited by Plaintiff and concluded that a fee award under the schedule was appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-4544-MWF (AFMx)				Date:  October 3, 2017
Title:	Chris Langer v. Margarita Gonzalez, et al.

The issue of the schedule and these ADA cases is something that will have to be addressed eventually by the district court as a whole.  In this action, the Court will accept the arguments made by counsel as to why the schedule shouldn't apply.  However, the Declaration of Mark Potter presents an extreme example of block billing.  The 9.2 hours is not necessarily unreasonable, but in the absence of itemized billing for each task, it is impossible for the Court to conduct any real review.

In the absence of detailed billing, the Court will apply a 10% "haircut" to Plaintiff's counsel's bills.  *See, e.g., Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) (affirming the rule that "[a] district court can reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without explanation."); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (permitting the district court to "impose a small reduction, no greater than 10 percent — a 'haircut' — based on its exercise of discretion and without a more specific explanation").

Accordingly, the Court awards Plaintiff $3,915 in attorneys' fees.

### III.	CONCLUSION

Accordingly, the Court **GRANTS** the Application and awards a statutory award under the Unruh Act of $4,000; orders Defendants to come into compliance with the ADA and Unruh Act; and awards an attorney's fee award of $3,915.

A separate judgment will issue.

IT IS SO ORDERED.